–1–

# UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF PUERTO RICO

In re                                                             Case No. 10-07322 (BKT)

MOISES RIVERA RAMOS

      Debtor

                                                              Chapter 13

---------------------------------------------------------------

### MOTION FOR RECONSIDERATION
### AND REQUESTING CONVERSION TO CHAPTER 11

**TO THE HONORABLE COURT:**

NOW COMES debtor through undersigned counsel and respectfully states and prays:

1.- This Honorable Court entered an Order dismissing this case Friday April 12th, 2013, Dkt No 86.

2.- Debtor requests the reconsideration of the dismissal of this case, since it will be prejudicial to unsecured creditors as well as debtor.

3.- Debtor's chapter 13 case have been pending since there is litigation pending (since August 28, 2012) in the Commonwealth Court of Appeals, KLAN2012-014449 (Doral Bank v Moisés Rivera Ramos) that would determine the validity of liens that affects one of debtor's properties: apt 1015 of Jardines de Montehiedra Condominium. (Claims 2 and 3).

4.- Debtor successfully obtained the disallowance of Claim 7, *in toto,* (Order Dkt 81, Motion to Disallow Claim Dkt 71) in which Doral Bank claimed a secured interest in debtor's other real estate property: apartment 1-A-6 of Caparra Chalets Condominium, Guaynabo, Puerto Rico. The sale of this property, less the applicable exemption, will provide funds for distribution to unsecured creditors. (Various of the legal provisions pertaining to the validity of the lien, which were presented to this Honorable Court, have been presented in the appeal pending before the Commonwealth Court of Appeals, so debtor, and undersigned, hope for a favorable decision in said *forum*).

–2–

5.- Debtor has been making payments under the proposed chapter 13 plan, since the filing of the petition.

6.- A Plan under chapter 11, which will be a liquidation plan, will be feasable. Debtor qualifies to file a chapter 11 under the general procedures, as he is NOT a small business since his present source of income is only salary not business operations, 11 USC 101 (51D). The time constraints applicable to the confirmation of chapter 13 cases are not present under a regular chapter 11 case.

 **IT IS THEREFORE RESPECTFULLY REQUESTED,** that the dismissal of this case be reconsidered, the case be converted to chapter 11, and debtor be instructed to file the filing fee for conversion *instanter*.

CERTIFICATE OF SERVICE: This MOTION shall be served by the Clerk's Office to those persons that appeared included in the noticing service of the Honorable Court, and to all parties included in the address matrix via US Postal Service.

In Bayamón, Puerto Rico, April 15th, 2013.

/s/MAXIMILIANO TRUJILLO
US DC NO. 122208
Attorney for debtor
PMB 429
100 Grand Paseos Blvd, suite 112
San Juan, PR 00926-5902
787-438-8802, Fax 787-200-5063
maxtruj@gmail.com

RESPONSE TIME REQUIRED BY LOCAL BANKRUPTCY RULES 9013-1(h)(1).

Within te (10) days after service as evidenced by the certification, and an additional three (3) days pursuant to Federal Rule of Bankruptcy Procedure 9006(f) if you were served by mail, any party against whom this paper has been served, or any other party to the action who objects to the relief sought herein, shall serve and file an objection or other appropriate response to this paper with the Clerk's office of the U.S. Bankruptcy Court for the District of Puerto Rico. If no objection or other response is filed within the time allowed herein, the paper will be deemed unopposed and may be granted unless: (i) the requested relief is forbidden by law; (ii) the requested relief is against public policy; or (iii) in the opinion of the Court, the interest of justice requires otherwise.

/s/Maximiliano Trujillo-González